UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORA KHODAGHOLIAN, an individual, FREDERICK MELIKIAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; DAVID FELDMAN, an individual; and DOES 1 to 25, Inclusive,<br><br>Defendants. | Case No. 2:23-cv-10647-WLH-BFM<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND TO STATE COURT AND REQUEST FOR COSTS AND EXPENSES AGAINST DEFENDANTS AND THEIR COUNSEL [12]** |

This matter comes before the Court on Plaintiffs' Flora Khodagholian ("Khodagholian") and Frederick Melikian ("Melikian") (collectively the "Plaintiffs") Motion to Remand to State Court and Request for Costs and Expenses Against Defendants and their Counsel (the "Motion"). (Mot. to Remand, Docket No. 12). Defendant Costco Wholesale Corporation ("Costco") and Costco Wholesale Membership, Inc. ("CWMI") (collectively, "Defendants") filed their Opposition to Plaintiffs' Motion (the "Opposition"). (Docket No. 31). Plaintiffs did not file a reply brief. This matter is fully briefed. The Court found this matter appropriate to take under submission without oral argument. (Docket No. 23). For the reasons discussed

below, the Court **DENIES** Plaintiffs' Motion in its entirety.

**I.  BACKGROUND**

Khodagholian alleges that on July 14, 2021, while shopping at a Costco warehouse located at 1051 Burbank Boulevard, Burbank, California 91506 (the "Costco Store"), she allegedly slipped and fell after stepping on a banana and/or banana peel that she claims was left negligently on the floor.  (Decl. of Aileen Sinanyan ("Sinanyan Decl."), Docket No. 12-1 ¶ 4).  Melikian, who is Khodagholian's spouse, filed a loss of consortium claim.  (*Id.*).  Plaintiffs are domiciled in California.  (*Id.*, Docket No. 12-9, Exh. H).

Plaintiffs initiated this action in Los Angeles Superior Court ("LASC") on July 6, 2023, against Costco, David Feldman ("Feldman"), and Doe defendants 1 through 25.  (*Id.*, Docket No. 12-4, Exh. C).  Costco is a Washington corporation with its principal place of business in Issaquah, Washington.  (Decl. of Daniel J. McKenzie ("McKenzie Decl."), Docket No. 21-1 ¶ 3).  Feldman, who is an assistant store manager at Costco, is a resident of California.  (Sinanyan Decl. ¶ 4).  Plaintiffs subsequently filed a First Amended Complaint ("FAC"), dated July 18, 2023, which is the operative Complaint.  (*Id.*, Docket No. 12-5, Exh. D).

On September 1, 2023, Plaintiffs filed a doe amendment designating Defendant Doe 1 as CWMI.  (*Id.* ¶ 6).  On September 5, 2024, Plaintiffs served Defendants' counsel with a conformed copy of the doe amendment and a draft of its Second Amended Complaint ("SAC").  (*Id.*).  From September 5, 2024, to September 13, 2024, the parties met and conferred regarding the dismissal of CWMI and Feldman, as well as Plaintiffs' cause of action for general negligence.  (*Id.* ¶¶ 8–11).  On September 13, 2023, Plaintiffs agreed to dismiss Feldman and their cause of action for general negligence in exchange for a joint stipulation permitting Plaintiffs to file a SAC.  (*Id.* ¶¶ 6–12, Exhs. A, G).  Defendants' counsel ultimately declined to stipulate because Plaintiffs would not agree to dismiss CWMI from the action.  (*Id.* ¶ 13).

On October 18, 2023, Plaintiffs' counsel sent Defendants' counsel a demand

letter seeking $3,500,000 in damages for Khodagholian, and $250,000 in damages for Melikian. (*Id.*, Docket No. 12-9, Exh. H). The demand letter also stated that Khodagholian and Melikian were both domiciled in California. (*Id.*). Following the demand letter, Defendants' counsel requested that Plaintiffs file a stipulation of domicile, which Plaintiffs did on November 20, 2023. (*Id.* ¶ 16). The stipulation contained nine facts supporting Plaintiffs' California domicile status.

On December 20, 2023, Defendants removed this case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). (Not. of Removal ("NOR"), Docket No. 1). Defendants acknowledged that while CWMI "is a California Corporation," it nonetheless is an improperly named defendant because Plaintiffs cannot allege any theory of liability against CWMI. (*Id.* ¶ 11). CWMI is a subsidiary of Costco, incorporated in California with its principal place of business is in Issaquah, Washington. (Decl. of Leigh Ann Ruijters ("Ruijters Decl."), Docket No. 21-4 ¶ 2). CWMI's purported sole purpose is to "collect member revenues from Costco members at all United States locations." (*Id.* ¶ 6).

On January 18, 2024, Plaintiffs filed the instant Motion seeking to remand this matter to LASC and for costs and attorneys' fees related to brining the instant Motion. (Docket No. 12). Defendants filed its Opposition to Plaintiffs' Motion ("Opposition") on January 26, 2024. (Docket No. 21). Plaintiffs did not file a reply brief.

**II.     LEGAL STANDARD**

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). Courts strictly construe the removal statutes, rejecting removal jurisdiction in favor of remand to the state court if any doubts as to the right of removal exist. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

///

3

Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) there is complete diversity between the parties. For diversity purposes, a corporation is deemed to be a citizen of the state(s) in which it was incorporated and in which the corporation has its principal place of business. 28 U.S.C. § 1332(a)(1). "The burden of persuasion for establishing diversity jurisdiction…remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Although an action may be removed to federal court only where there is complete diversity of citizenship... one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal quotation marks and citations omitted).

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." When a case is grounded in state law, as this one is, subject matter jurisdiction rests on diversity of citizenship between every plaintiff and every defendant. 28 U.S.C. § 1332.

## III. DISCUSSION

Plaintiffs challenge Defendants' removal on two grounds: (1) the parties lack diversity because CWMI and Plaintiffs are both citizens of California; and (2) Defendants' NOR was untimely filed outside of the statutory timeframe. (*Id.*). Plaintiffs also seek costs and attorneys' fees related to brining this Motion in the amount of $4,800. (*Id.*). The Court will address each issue in turn.

**A. Diversity of Citizenship**

i. *Citizenship of the Parties*

A corporation is a citizen of both the state in which it was incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). An

individual's citizenship is determined by his or her domicile, which is where he or she resides and intends to remain. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Here, CWMI is incorporated in California and has its principal place of business in Issaquah, Washington. (Ruijters Decl. ¶ 6). As such, CWMI is a citizen of both California and Washington. Plaintiffs are both residents and citizens of California and intend to live here for at least the next two years. (Sinanyan Decl. ¶ 16, Exh. H). Thus, for the purposes of diversity jurisdiction Plaintiffs and CWMI are non-diverse parties.

### ii. *Fraudulent Joinder*

The Court's analysis does not end here, however. "[R]emoval is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant." *Padilla v. AT&T Corp.*, 697 F.Supp.2d 1156, 1158 (C.D. Cal. 2009) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Courts have recognized two situations in which the fraudulent joinder doctrine is applied: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Defendants contend that the second situation exists here, in that CWMI is an improperly joined defendant because there is no theory of liability alleged in which CWMI would be a properly named defendant. (Docket No. 21 at 4). In other words, CWMI is a fraudulently joined "sham defendant" added to destroy diversity.

In general, there is a presumption against finding a fraudulent joinder, and defendants who assert that a party is fraudulently joined carries a "heavy burden." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."). Defendants must "show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). It is not enough to

show that a plaintiff is unlikely to prevail on her claim; a defendant must show by clear and convincing evidence that there is no "*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Hunter*, 582 F.3d at 1046) (emphasis in original). As discussed in further detail below, the Court finds that Defendants have met their burden to demonstrate by clear and convincing evidence that there is no possibility that a state court would find that the complaint states a cause of action against CWMI.

Plaintiffs FAC alleges a cause of action for premises liability against Costco and CWMI. Under California law, "[t]he elements of a premises liability claim are: (1) the defendant owned, leased, occupied, or controlled the property; (2) the defendant was negligent in the use or maintenance of the property; (3) the plaintiff was harmed; and (4) the defendant's negligence was a substantial factor in causing the plaintiff's harm." *Rodriguez v. United States*, No. CV 14-4941 (AJW), 2017 WL 924458, at *2 (C.D. Cal. Mar. 6, 2017) (citing Judicial Council of California, Civil Jury Instructions 400 (2016)). Plaintiffs' FAC, however, is completely devoid of any allegations against CWMI and its connection to the controversy. Instead, Plaintiffs rely solely on unsworn statements contained in their Motion that CWMI acts as "the literal gatekeeper for Costco warehouse stores" by collecting entrance fees and checking membership cards. (Docket No. 12 at 8). Notably, a court may look beyond the pleadings when determining removability in the context of a fraudulent joinder analysis. *Padilla*, 697 F. Supp. 2d at 1159 (citing *Ritchey*, 139 F.3d at 1318). When a plaintiff challenges a defendant's factual jurisdictional allegations, however, the plaintiff's claim must be supported by "competent proof...under the same evidentiary standard that governs in the summary judgment context." *DeFiore v. SOC LLC*, 85 F.4th 546, 552–53 (9th Cir. 2023) (internal quotation marks and citations omitted). Because Plaintiffs failed to provide any evidentiary support for their jurisdictional claims as to CWMI, the Court declines to consider the allegations contained within

Plaintiffs' Motion to the extent that they address CWMI's jurisdictional allegations. As such, the Court finds that Plaintiffs have failed to establish a cause of action against CWMI that could exist in state court.

Even assuming that Plaintiffs jurisdictional allegations are true, the Court finds that CWMI's declaration demonstrates that it would be impossible for Plaintiffs to amend with additional allegations to state a claim against CWMI. CWMI's declaration definitively rebuts nearly every single element of premise liability. Specifically, the declaration states that CWMI does not have any ownership interest in any Costco location, has never "leased any portion of a Costco store that is open to Costco members," has never had "any obligation or authority to direct, supervise, operate, maintain, or control any of the Costco warehouses," does not control or operate any of Costco's stands, and does not "have any involvement whatsoever in the ingress [and/or] egress" of the store including checking membership cards. (Ruijters Decl. ¶¶ 3–5, 7). Indeed, several other courts in this district in nearly identical personal injury cases involving CWMI as an entity have similarly found that removal was proper based on declarations demonstrating the impossibility of claims against CWMI. *See, e.g., Navarro v. Costco Wholesale Corp.*, No. 2:20-CV-2146-VAP-ASX, 2020 WL 2521270, at *3 (C.D. Cal. May 18, 2020) (finding CWMI was a fraudulently joined defendant in premise liability case based on declaration contravening elements of premise liability filed by the same declarant from CWMI as in this matter); *see also Holliday v. Costco Wholesale Corp.*, No. 2:20-CV-01106-SVW-RAOx, 2020 WL 1638607, at *2 (C.D. Cal. Apr. 2, 2020) (same). Accordingly, the Court **DENIES** Plaintiffs' Motion.

### B. Timeliness of Removal

Pursuant to 28 U.S.C. § 1446(b)(1) and (3), a notice of removal must be filed either: (1) within thirty days after receiving a complaint that is removable on its face; or (2) if the complaint is not removable on its face, then within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first

be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F. 3d 689, 692 (9th Cir. 2005). Neither side disputes (nor does the Court find) that the initial complaint was not removable on its face. Rather, the issue is whether Defendants' NOR dated December 20, 2023, was timely filed thirty days after Defendants received "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

   Plaintiffs contend that their demand letter emailed on October 18, 2023, constitutes the type of "other paper" enumerated within the statute that would have started Defendants thirty-day clock. (Sinanyan Decl. ¶ 16, Exh. H). Specifically, the demand letter states in relevant part: "we are making a demand of $3,500,000.00 on behalf of Flora Khodagholian and $250,000.00 on behalf of Frederick Melikian. We would also like to memorialize that Mrs. Khodagholian and Mr. Melikian are both domiciled in California." (*Id.*). If the Court were to accept Plaintiffs' argument, the deadline to remove would have been November 18, 2023, and Defendants NOR filed December 20, 2023, would be untimely. Defendants counter that the demand letter is inadmissible evidence under California civil procedure rules and cannot establish domicile because it is an informal representation from counsel. The Court finds Defendants' argument unpersuasive based on the weight of the authority in this circuit favoring a broad construction of what qualifies as "other papers."

   While the Ninth Circuit has held that pre-litigation demand letters cannot qualify as "other paper" under Section 1446(b), there is no such prohibition once litigation has begun. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) ("[W]e conclude that any document received prior to receipt of the initial pleading cannot trigger [section 1446(b)'s] second thirty-day removal period."). In fact, the Ninth Circuit in *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141–42 (9th Cir. 2013) found that "[a] state court demand letter generally can qualify as 'other paper' within the meaning of section 1446(b)." (citations omitted). Other

"[f]ederal courts have held a variety of documents, including responses to request for admissions, settlement offers, interrogatory responses, deposition testimony, demand letters, and emails estimating damages, to qualify as an 'other paper.'" *Lopez v. Costco Wholesale Corp.*, No. 12-CV-01654-DAD-HBK, 2021 WL 487368, at *2 (E.D. Cal. Feb. 10, 2021) (citations omitted); *see also Blaisdell v. Evo Exhibits, LLC*, No. 18-CV-06775-LHK, 2019 WL 1014783, at *4 (N.D. Cal. Mar. 4, 2019) (collecting cases finding that documents such as a letter from counsel in preparation for mediation, and a letter from counsel stating an intent to proceed to trial qualified as "other paper"). Further, the Court is unaware of any reason (and Defendants do not provide any) that California's civil procedure rules would apply in the context of removing a case to federal court under 28 U.S.C. § 1441. This logic runs afoul with the numerous above-mentioned cases from this circuit, which have found that a demand letter can qualify as "other paper." This Court joins the many others that have similarly found that a demand letter can constitute "other paper" within the meaning of Section 1446(b).

Next, the Court turns to whether Defendants could "ascertain[] that the case is one which is or has become removable" based on the demand letter. 28 U.S.C. § 1446(b)(3). A defendant "need not make extrapolations or engage in guesswork; yet the statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen*, 707 F.3d at 1140. Importantly, the "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Kim v. Degele*, No. 21-CV-04535-DFM, 2021 WL 4916561, at *2 (C.D. Cal. Oct. 21, 2021) (citing *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021)). In other words, "the clock starts only if it can be ascertained from the face of the document that removal is proper." *Kim*, 2021 WL 4916561, at *2.

Defendants argue that diversity of citizenship requires a two-part test that looks not only to the residence of a party, but also their intent to remain there indefinitely. According to Defendants, Plaintiffs' single sentence representation of Plaintiffs'

9

domicile without any supporting facts or documentation is insufficient to put Defendants on notice that they could meet Defendants' burden of diversity of citizenship for purpose of removal. (Docket No. 21 at 8). The Court agrees. As discussed, *supra* section III.A.i., an individual's citizenship is determined by his or her permanent home, which is where he or she intends to remain. *See Lew*, 797 F.2d at 750. Courts in the Ninth Circuit must consider various factors to determine a person's domicile including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.* at 750 (citing authorities). The domicile of a party is based on "objective facts," where no single fact is dispositive. *Id.* Further, under the "unequivocally clear and certain" standard, the clock does not start for Defendants until they receive information of Plaintiffs' domicile.

Here, Plaintiffs' demand letter simply states in conclusory fashion that Plaintiffs are domiciled in California. This is a legal conclusion rather than facts to support the legal conclusion. After receiving the October 18, 2023, demand letter, Defendants understandably requested a signed stipulation, which they received on November 20, 2023, containing nine stipulated facts regarding Plaintiffs' residency, citizenship, bank accounts, ownership of real property, etc. (McKenzie Decl. ¶ 5, Exh. B). Among other things, the declaration included the following facts: (1) Plaintiffs have resided in California and have for the last ten years; (2) Plaintiffs have no intention to reside outside of California for the next two years; and (3) Plaintiffs do not own real property outside of California. (*Id.*). Defendants' NOR dated, December 20, 2023, was thus timely filed within thirty days of receiving the signed stipulation, which is when Defendants had unequivocal, clear, and certain information supporting removal. Accordingly, the Court **DENIES** Plaintiffs' Motion as to Defendants' NOR being filed untimely.

## C. Attorneys' Fees

In conjunction with this Motion, Plaintiffs seek attorneys' fees pursuant to 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Court has denied Plaintiff's Motion, so it must deny Plaintiffs' request for costs and attorneys' fees request as well. *Cf. Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM JCX, 2014 WL 6475128, at *13 (C.D. Cal. Nov. 19, 2014) ("Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful.") (internal quotation marks and citations omitted). Accordingly, the Court **DENIES** Plaintiffs' request for costs and attorneys' fees.

## IV. CONCLUSION

For the above-stated reasons, the Court finds that this matter was properly removed because CWMI is a "sham defendant" whose joinder was fraudulent, and Defendants NOR was timely filed. Accordingly, the Court **DENIES** Plaintiffs' Motion in its entirety. The parties are directed to meet and confer and submit revised case deadlines within fourteen days of the issuance of this Order.

**IT IS SO ORDERED.**

Dated: August 5, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

11